D. R. Crow v. The State.

No. 7438.  Decided March 12, 1924.

Rehearing denied April 16, 1924.

1.—Certified Public Accountant—Certificate—Companion Case.

Where appellant was convicted of holding himself out as a Certified Public Accountant, contrary to the Act of the Legislature of this state, and it is shown that he had not been accorded a certificate as Certified Public Accountant, and there is no material difference between the principles controlling the appellant's case and those in a companion case, the judgment is affirmed. Following   Henry v. State, recently decided.

2.—Same—Rehearing—Sufficiency of the Evidence.

Where appellant contended that the evidence did not sufficiently show that he held himself out to the public but that he only represented himself to a member of the City Commission, but the contrary appeared from the record, the conviction must be affirmed.

Appeal from the County Court of Wichita.  Tried below before the Honorable Guy Rogers.

Appeal from a conviction of holding himself out as a Certified Public Accountant; penalty, a fine of one dollar.

The opinion states the case.

*Mathis & Caldwell,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of holding himself out as a Certified Public Accountant contrary to the Act of the Legislature of this State as set out in Vernon's Complete Texas Statutes of 1920, embraced in the several sections designated as Articles 999, ''r'' to ''v''.

It was shown that the appellant had not been accorded a certificate as a ''Certified Public Accountant'' under the terms of the statute of this State but that he was holding himself out as a Certified Public Accountant by reason of having a certificate from the ''National Association of Certified Accountants, Incorporated, Washington, D. C.''

There is no material difference between the principles controlling the appellant's case and those in the case of Henry v. State, No. 7028, which is this day affirmed. Upon the authority of this case, the judgment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING.

### April 16, 1924.

LATTIMORE, JUDGE.—Appellant concedes the correctness of our holding in regard to the constitutionality of the law under which this conviction is had, but now contends that the evidence is insufficient to support the judgment. By reference to Art. 999uuu Vernon's Complete Texas Statutes we observe it penalizes any person who uses the initials ''C. P. A.'' or otherwise falsely holds himself out as being qualified under this act, while practicing public accountancy in this State without having actually received the certificate provided for in said act. Appellant's contention seems based on the proposition that the evidence does not sufficiently show that he held himself out to the public, it being urged that he is only shown to have so represented himself to a member of the city commission of the city of Wichita Falls, Texas. The statute in question contains several subdivisions each including acts which would amount to a violation. These may be tabulated as follows:

(1) Any person who represents himself to the public as having received a certicate as provided for in this act.

(2) Who advertises as a ''Certified Public Accountant.''

(3) Who uses the initials ''C. P. A.''

(4) Who otherwise falsely holds himself out as being qualified under this act.

(5) Who continues to use the initials ''C. P. A.'' after revocation of his certificate.

(6) Who refuses to surrender such certificate after revocation thereof but continues to practice as a public accountant. It would appear manifestly that the act of appellant in endeavoring to secure the audit of books in the city of Wichita Falls for the Texas Audit Corporation, which title appellant used as a trading name, and his

use of the initials "C. P. A." after his name in his negotiations with said member of the city commission, would amount to a violation of one of the subdivisions above enumerated. He practically admitted that this was his business. The language used by us in the last paragraph of the decision of Henry v. State, No. 7028, opinion March 12, 1924, can in no sense be construed to hold persons not guilty of violating this law, because such language has reference to the first one of the subdivisions above mentioned.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*